PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* NÉSTOR COLÓN MEDINA, Defendant and Appellant.

No. 4089.   Argued May 2, 1930.—Decided May 27, 1930.

*R. Hernández Matos* for appellant.   *R. A. Gómez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

As a first error it is urged by the appellant in this case that—

"The District Court of Ponce committed prejudicial error in holding that Ordinance No. 25 of 1929 of the Municipality of Ponce does not establish an additional or double tax on the sale of gasoline and therefore overruling the first ground of demurrer submitted by the defendant-appellant."

In his argument under that assignment it is claimed by the appellant, who was convicted for a violation of the said ordinance, that municipal corporations are entities with limited powers, possessing only such powers as are granted to them by the law which creates them and regulates and organizes their activities, and he invokes section 46 of the Municipal Law in force authorizing municipalities to levy and collect any impost, excise or tax, provided the subject or object of the tax, excise or impost has not been the subject or object of any federal or insular impost, excise or tax; also section 84 of the Internal Revenue Law of 1925, which provides:

"Section 84.—Every three months every person engaged in any of the occupations or businesses enumerated in this section shall pay for every factory, place, commercial or industrial establishment, the respective license tax herein prescribed, to wit:

"1.—. . . . . .

"2.—. . . . . .

"27.—Retail dealers in gasoline or substitute thereof, first class, fifteen (15) dollars; second class, ten (10) dollars; third class, five (5) dollars."

Relying on the above the appellant argues that, as the municipality had already used the power granted to it by law in imposing a license tax on the defendant for the business of operating a garage which includes, among other things, the selling of gasoline, it could not impose on him a further tax by virtue of the ordinance whose validity is challenged.

If the ordinance in question imposed a tax on the sale of gasoline, the appellant would be right; but from the face of the ordinance it appears that such is not the case.

The title of the ordinance is as follows:

"Ordinance No. 25.—1929 Series.—For the regulation of the installation of gasoline pumps in the sidewalks of the city and for the levying of an excise tax for the use of said public property."

And its preamble says:

"Whereas, public necessity requires the regulation by the Municipality of Ponce of the installation of gasoline pumps in the sidewalks of the city, as such structures affect the appearance of the city and the traffic therein, and also the use of public property;

"Whereas, the Municipality needs funds for the construction and maintenance of the sidewalks, for repairing the streets and for other urgent works and services of the community."

It is provided by section 2 of the ordinance that before any gasoline pump can be installed in the sidewalks of the city, the person interested in such installation must apply for a license or permit to the department of municipal public works and, upon such permit being granted, the applicant

must present it to the municipal treasurer, who shall issue a receipt for ten dollars upon payment to him of that amount; and that the permit thus issued must be returned by the applicant to the department of public works at the completion of the installation of the pump and after an inspection thereof by officials of the said department. By section 3 there are imposed annual excise taxes of twenty and twelve dollars, respectively, according as to whether such installation is made within the first or the second zone, payable quarterly in advance, on the use of said sidewalks during any time they may be occupied by the pump of the interested party.

Therefore, it is not for selling gasoline, but for the exclusive use of the public sidewalk for the benefit of a private business, that the tax is levied by the municipality.

The sidewalks are for everybody's use. They are built and maintained by the municipality with public funds for the benefit of the public. If a private individual is granted a special privilege, it seems just and it is legal that he should pay for such special privilege by making compensation to the public at large for the deprivation of use involved, thus sharing in the burden imposed for maintenance.

The second and last error assigned is formulated thus:

"The District Court of Ponce committed prejudicial error in holding that the complaint charged a violation of the aforesaid municipal ordinance and therefore overruling the second ground of demurrer put forward by the defendant."

The defendant is charged in the complaint with "wilfully and maliciously operating a gasoline pump in Villa street . . . . . without having provided himself with the proper receipt from the municipal treasurer attesting to the payment by defendant of the excise tax regulated by the said ordinance."

Section 5 of the ordinance reads as follows:

"Any person or entity who instals a gasoline pump or operates the same without the proper license or who fails to pay the tax levied pursuant to this ordinance, within the first fifteen days of each quarter of the year, shall be fined ten (10) dollars, etc."

We think that, although the complaint might well have been more clear and precise in its terms, it can be concluded from the face thereof that the defendant is charged with having installed the pump without paying the tax imposed by the ordinance, and that is what constitutes the violation.

The judgment appealed from must be affirmed.